PER CURIAM.
The defendant, I. J. Edelstein, appeals from a final judgment entered following a jury verdict for the plaintiff in the amount of $25,000.00 in an action for a real estate broker’s commission.
The defendant was the owner of an apartment building in Dade County. Plaintiff, a licensed real estate broker, through one of his salesmen submitted an offer for the said building in the form of a deposit receipt agreement signed by Nathan Medow and Frances Medow, as prospective purchasers. The initial offer was not accepted, however, a subsequent deposit receipt dated April 5, 1965 was signed by the defendant and by the Medows. The agreement provided for a broker’s commission in the amount of $25,000.00. This was amended by letter dated April 5, 1965, in which plaintiff agreed “to accept the $25,000.00 commission. * * * as a partial assignment of the second mortgage” set forth in the deposit receipt. By the terms and conditions of sale, the contract was subject to the seller obtaining a mortgage of approximately $500,000.00, payable $3,333.33 per month, or for twenty years including principal and interest at 6% per annum. It was further provided that:
“This contract is subject to the purchasers’ property being sold to the City of Surfside and they will have until May 20, 1965 to make the deal. The seller can extend this period of time if he so desires.”
The printed deposit receipt also contains the following provision:
“It is agreed that this transaction shall be closed and the purchaser shall pay the balance of the cash as noted above and execute all papers necessary to be executed by him for the completion of his purchase within as above. [typewritten] days from delivery or tender to him of an abstract of the said property; otherwise any deposits made on the contract shall be forfeited by the purchaser.”
Receipt was acknowledged of the sum of $5,000.00 as a deposit and the terms included $50,000.00 cash at closing of which the earnest money deposits are a part. This property was sold to a third party on June 4,. 1965.
Defendant presents four points on appeal: (1) a broker is not entitled to a commission where the evidence reveals that the purchasers did not have available to them, in cash or its equivalent, the necessary cash portion of the purchase price within the time specified in the contract for consummation of the contract; (2) the court erred in excluding testimony on cross examination when it involved the same transaction about which the witness testified on direct examination; (3) the evidence does not support an award of $25,000.00; (4) the instructions as a whole were misleading.
Defendant’s first point on appeal is based on his interpretation of the provision in the deposit receipt providing that the contract is subject to the purchasers’ property being sold to the City of Surfside and that the purchasers had until May 20, 1965 to make the deal. He argues that this required the purchasers to be ready, willing and able to consummate the transaction with him by May 20, 1965. Since the evidence reveals that the purchasers did not receive their money from the City of Surfside until July 13, 1965 and that they were relying on this money to pay defendant, it follows, so defendant argues, that they were not in a position to close the transaction on May 20, 1965.
The trial judge ruled that the provision concerning the sale of property to the City of Surfside was ambiguous and subject to the taking of testimony. Nathan Medow testified that he placed this provision in the contract so that he would not lose his deposit if he could not make the deal with the City. Testimony also revealed that *667 the date of May 20, 1965, was not intended to be the closing date. It was intended that the deal between the City and the purchasers be completed as of that date and the closing to be a reasonable time thereafter. The contract between the City and the purchasers was completed on or before May 20, 1965 which subsequently provided the purchasers with sufficient funds to close the transaction with the defendant. The defendant never produced an abstract although a demand for an abstract was made by the purchasers. The defendant never requested that the purchasers close the transaction.
The jury, after being properly instructed by the court, found that the purchasers were financially able to pay or command the necessary money to close the deal on reasonable notice or within the time stipulated by the parties. Our review of the record reveals sufficient competent evidence to support this finding.[1]
In an effort to show that the defendant could have obtained a $500,000.00 mortgage if he had completed the making of an application for it, plaintiff called as a witness a mortgage banker who testified that after an inspection of the property he sent a letter to defendant indicating his company’s willingness to accept an application for a first mortgage on the property in the amount of $500,000.00 at 6% interest for a term not to exceed twenty years. On cross examination an attempt was made to elicit testimony concerning a telephone conversation between the mortgage banker and defendant. An objection was made to this line of questioning based on the hearsay rule, which was sustained. Thereafter, a proffer of testimony was made concerning this conversation which revealed that there was no discussion as to the actual sale price of the property, and that had the mortgage banker known the sale price was $600,000.00 he could only have given a loan of $450,-000.00. The defendant contends that this was the significant testimony brought out in said proffer, and to exclude it or any of the proffered testimony is reversible error.
The record discloses that substantially the same information described as “significant” by defendant was elicited from the mortgage banker prior to the proffer. The mortgage banker testified that he did not know there was a sale pending when he was requested to make an inspection of the property. After the inspection he appraised the property at $750,000.00. He testified that had he known that the property was actually being sold for $600,000.00 he would not have made a $500,000.00 loan. Thus, even if it were error to exclude the preferred testimony, and we do not find that it is, it has not been shown that it was prejudicial.
Defendant also contends that the evidence does not support an award of $25,000.00 because the commission was to be paid in the form of a partial assignment of the second mortgage, and the present value of such an assignment was not shown to be $25,000.00.
The cause was instituted as an action for $25,000.00 commission and was tried on that basis. The jury returned a verdict in that amount, and there is ample evidence to support it.
No error has been shown by the general objection to the entire charge given by the court.
Having failed to demonstrate reversible error, the judgment appealed is affirmed.
Affirmed.

. Perper v. Edell, 160 Fla. 477, 35 So.2d 387 (1948).